UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL BUILDERS INSURANCE COMPANY, § § § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:21-cv-01279 | |
| § | | |
| LOFTECH HOMES, LLC, JEFFREY SPENCER, CAITLIN CARROLL, and RICHARD KOONTZ, § § § § | | |
| *Defendants.* § | | |

**PLAINTIFF NATIONAL BUILDERS INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff National Builders Insurance Company files this complaint for declaratory judgment and respectfully shows the Court the following:

**I. PARTIES**

1. National Builders Insurance Company ("Builders"), formerly known as Vinings Insurance Company, is a Delaware corporation with its principal place of business in Atlanta, Georgia. For diversity-jurisdiction purposes, Builders is a citizen of Delaware and Georgia but not Texas or Wyoming.

2. Loftech Homes, LLC is a Texas limited liability company whose members are Shahin Jamea, Rathman Group LLC, and SJPHC LLC. Loftech is a Texas and Wyoming citizen because its members are Texas and Wyoming citizens:

 a. Shahin Jamea is a Texas citizen domiciled in Harris County, Texas.

 b. Rathman Group LLC is a Texas limited liability company whose only member is Hooman Moghtaderi per Texas Secretary of State records. Moghtaderi is a

       Texas citizen domiciled in Harris County, Texas. He is not a citizen of Delaware or Georgia.

    c. SJPHC LLC is a Wyoming limited liability company whose members are Wyoming citizens domiciled in Wyoming. Its members are not citizens of Delaware or Georgia.

Loftech is not a citizen of Delaware or Georgia. Loftech may be served with process through its registered agent, Registered Agents, Inc., at 5900 Balcones Drive, Suite 100, Austin, Texas 78731 or wherever it may be found.

    3. Jeffrey Spencer is a Texas citizen domiciled in Harris County, Texas, and a potential judgment-creditor. He is not a citizen of Delaware or Georgia. Spencer may be served with process at 1438 W 24th Street, Houston, Texas 77008 or wherever he may be found.

    4. Caitlin Carroll is a Texas citizen domiciled in Harris County, Texas, and a potential judgment-creditor. She is not a citizen of Delaware or Georgia. Carroll may be served with process at 1436 W 24th Street, Houston, Texas 77008 or wherever she may be found.

    5. Richard Koontz is a Texas citizen domiciled in Harris County, Texas, and a potential judgment-creditor. He is not a citizen of Delaware or Georgia. Koontz may be served with process at 1436 W 24th Street, Houston, Texas 77008 or wherever he may be found.

## II. JURISDICTION & VENUE

    6. As specified above, Builders' citizenship (Delaware and Georgia) is completely diverse from the Defendants' citizenship (Texas and/or Wyoming). Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs, because Spencer,

Carroll, and Koontz each seek more than $200,000 in the Underlying Arbitration for damages arising out of Loftech's construction of their houses. Hence, the Court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1).

7. The Court has personal jurisdiction over Loftech, Spencer, Carroll, and Koontz because they are Texas citizens.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Underlying Arbitration occurred in Harris County, Texas.

### III. FACTS

9. Builders brings this action for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202. This action arises out of an underlying arbitration styled *Caitlin Carroll and Richard Koontz and Jeffrey Spencer v. Loftech Homes, LLC v. Anderson Canyon, LLC et al.,* in private arbitration before the Honorable Reece Rondon ("Underlying Arbitration").

#### A. Insurance

10. Builders issued four commercial general liability insurance policies to Loftech spanning February 1, 2015, to February 1, 2019: PKG 0187440-00; PKG 0187440-01; PKG 0187440-02; and PKG 0187440-03 ("Policies"). The Policies have limits of insurance of $1,000,000 per occurrence, subject to a $1,000 deductible, with exception for certain mold-related damage and remediation costs.

#### B. Underlying Arbitration

11. The Underlying Arbitration arises out of two state-court lawsuits filed by Spencer and, separately, Carroll and Koontz. Both cases were referred to arbitration by agreement and consolidated in the Underlying Arbitration.

### i. *Spencer*

12. Spencer alleges that he purchased his house from Loftech on or about April 26, 2016.

13. Before closing on his home purchase, Spencer allegedly inspected the house, observed evidence of water penetration along floor trim, and reported same to Loftech.

14. Spencer alleges that Loftech then performed its own inspection and represented that the observed evidence of water penetration was caused by a nail penetrating a gutter.

15. After Loftech allegedly repaired the defective condition and remedied the water-intrusion issues, Spencer allegedly closed on his home purchase.

16. Spencer alleges that he again observed evidence of water penetration in July and August 2017 and reported his findings to Loftech, which allegedly made multiple attempts to repair the defective conditions causing the water intrusion.

17. Despite repeated attempts, Loftech allegedly failed to remedy the defective conditions and water intrusion and disavowed any obligation to do so.

18. Spencer sued Loftech for deceptive trade practices, fraud, negligent misrepresentation, breach of warranty, negligence, residential construction liability, negligent hiring and supervision, and breach of contract.

### ii. *Carroll and Koontz*

19. Carroll and Koontz allege that they purchased and closed on their house from Loftech on July 29, 2016.

20. On November 7, 2016, Carroll and Koontz notified Loftech that their house was leaking water in multiple locations. Loftech allegedly inspected and repaired the reported leaks.

21. Carroll and Koontz allege that the repairs did not take because they observed water leaks again on November 29, 2016. They further reported that their HVAC system was not working properly due to Loftech's substandard workmanship.

22. Despite repeated attempts, Loftech allegedly failed to remedy the defective conditions and water intrusion and disavowed any obligation to do so. Instead, Loftech allegedly pinned the water intrusion on the effects of Hurricane Harvey.

23. Carroll and Koontz allegedly retained a contractor, who opined that the water leaks were caused by multiple conditions, including inadequate and/or defective scoffers and gutters that allowed rain to overflow into the house.

24. Carroll and Koontz sued Loftech for deceptive trade practices, fraud, negligent misrepresentation, breach of warranty, negligence, residential construction liability, negligent hiring and supervision, and breach of contract.

## IV. DECLARATORY JUDGMENT

25. All preceding paragraphs are incorporated herein by reference.

26. The Policies' insuring agreements grant coverage for "property damage" caused by an "occurrence" during the applicable policy term, subject to certain exclusions and endorsements. These terms mean:

> **"Property damage"** means:
> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
> . . .
> **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

27. Builders seeks a declaration that it has no duty to defend or indemnify Loftech of Spencer, Carroll, and Koontz in the Underlying Arbitration for the following reasons:

28. Any damage that Loftech knew about before Spencer or Carroll and Koontz purchased their houses is potentially not fortuitous and, therefore, potentially not covered.

29. Spencer's and Carroll and Koontz's claims for deceptive trade practices are not covered because they do not concern "property damage" or an "occurrence." Alternatively, their claims for deceptive trade practices concern damage expected or intended by Loftech that is excluded by the Expected or Intended Injury exclusion.

30. Similarly, Spencer's and Carroll and Koontz's claims for attorney fees are not covered because attorney fees are not "damages because of 'property damage . . . .'"

31. Additionally, Spencer's and Carroll and Koontz's alleged construction defects and damages trigger one or more of the following policy exclusions or endorsements:

**Residential Faulty Work**

32. The Residential Faulty Work Exclusion bars coverage for repairing, removing, replacing, or remedying Loftech's faulty or defective work:

> **TEXAS FAULTY WORK EXCLUSION WITH RESULTING DAMAGE COVERAGE**
>
> This endorsement modifies insurance provided under the following:
>   COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> In regard only to "your work" in connection with residential structures, Exclusion l. Damage to Your Work of Section I – Coverages, Coverage A. Bodily Injury and Property Damage Liability, 2. Exclusions is deleted and replaced with:
>
> **l. Faulty, Defective or Poor Workmanship in Your Work**
>
> This insurance does not apply to any claim or "suit" for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good any faulty, defective or poor workmanship in "your work" for which any insured or any insured's employees, contractors, or subcontractors may be liable.

This exclusion does not apply to "property damage" sustained by any other property that is caused by the faulty, defective or poor workmanship in "your work".

This exclusion applies only to residential structures for which coverage is not otherwise excluded under this insurance.

GL RFWETX 01 15

### Coverage-Form Exclusions

33. Many coverage-form exclusions bar coverage for certain "property damage" arising out of Loftech's defective work:

> This insurance does not apply to:
>
> **b. Contractual Liability**
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> (1) That the insured would have in the absence of the contract or agreement; or
>
> (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
>
> (a) Liability to such other party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
>
> (b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.
>
> …
>
> **j. Damage To Property**
>
> "Property damage" to:
>
> (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

    (2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

    (3) Property loaned to you;

    . . .

    (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

    (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it."

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire, lightning, explosion, smoke or leakage from an automatic fire protection system) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premise Rented To You as described in Section III – Limits Of Insurance.[1]

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" in the "products-completed operations hazard".

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

. . .

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

---

1    Amended by form BIG GLECE 04 13.

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";
(2) "Your work"; or
(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

CG 00 01 04 13

### Fungi, Bacteria, and Mold

34. The Fungi and Bacteria Exclusions limit coverage for "property damage" resulting from the existence of mold and costs to test for and remedy same[2]:

### FUNGI OR BACTERIA EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:

2. Exclusions

This insurance does not apply to:

Fungi or Bacteria

a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, of in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

---

2   If there are any mold-related "property damage" or remediation costs, a $2,500 sublimit applies, subject to a $2,000 deductible.

> This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

…

C. The following definition is added to the Definitions Section:

> "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

CG 21 67 12 04

## LIMITED FUNGI OR BACTERIA COVERAGE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| Fungi and Bacteria Each Occurrence Limit and Aggregate Limit | Fungi and Bacteria Per Occurrence Deductible for this Coverage Part |
|---|---|
| $2,500 | $2,000 |

The insurance provided under Section I – Coverage A – Bodily Injury and Property Damage Liability as modified by the Fungi Or Bacteria Exclusion is hereby extended to provide insurance for (a) "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any fungi or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage; and (b) any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of fungi or bacteria, by any insured or by any other person or entity.

A. For any purposes of this Limited Fungi or Bacteria Liability insurance only, Paragraph 1.a., 1.b., 1.c., 1.d., and 1.e. of Section I – Supplementary Payments – Coverages A and B, are deleted: DEFENSE EXPENSES AND OTHER COSTS PROVIDED UNDER THE DELETED PARAGRAPHS ARE INCLUDED WITHIN THE LIMITED OF LIABILITY SHOWN IN THE SCHEDULE ABOVE.

B. For purposes of this Limited Fungi or Bacteria Liability insurance only, Section III – Limits of Insurance is deleted and replaced by the following:

1. The Limits of Insurance shown in the Limited Fungi or Bacteria Liability Schedule above and the provisions below fix the most we will pay regardless of the number of:

    a. Insureds;

    b. Claims made or "suits" brought"; or

    c. Persons or organizations making claims or bringing "suits".

2. The Aggregate Limit shown in the Limited Fungi or Bacteria Liability Schedule above is the most we will pay for the sum of:

   a. Damages under Coverage A. for "property damage" insured under this endorsement; and

   b. Any amounts that, but for Paragraph A., would have been payable under Paragraph 1.a., 1.c., 1.d., and 1.e. of Section I – Supplementary Payments – Coverages A. and B.

3. The Products-Completed Operations Aggregate Limit for "property damage" insured under this extension of Coverage A. for Limited Fungi or Bacteria Liability is the same as and included within the Aggregate Limit shown in the Schedule above, and subject to the terms of this endorsement, is the most we will pay for such "property damage".

4. Subject to 2. and 3. Above, whichever applies, the Each Occurrence Limit shown in the Schedule above is the most we will pay for the sum of:

   a. Damages under Coverage A.;

   b. Any amounts that but for Paragraph A. above, would have been payable under Paragraph 1.a., 1.c., 1.d., and 1.e. of Section I – Supplementary Payments – Coverages A. and B.

because of "property damage" insured under this extension of Coverage A. for Limited Fungi or Bacteria Liability arising out of any one "occurrence".

5. Subject to 4. above, the Damage To Premises Rented To You Limit for "property damage" insured under this extension of Coverage A. for Limited Fungi or Bacteria Liability is the same as the Aggregate Limit shown in the Schedule above and, subject to the terms of this endorsements, is the most we will pay for such "property damage".

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after the issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the limits of insurance.

GL FB 01 09

## Construction Management Errors and Omissions

35. The Construction Management Errors and Omissions Exclusion bars coverage for certain "property damage" arising out of Loftech's inspection or supervision activities:

**EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability . . .:

This insurance does not apply to . . . "property damage" . . . arising out of:

1. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or

2. Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the . . . "property damage" . . . involved that which is described in Paragraph 1. or 2.

This exclusion does not apply to . . . "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

CG 22 34 04 13

## Designated Professional Services

36. The Designated Professional Services Exclusion bars coverage for certain "property damage" arising out of Loftech's rendering or failing to render professional services:

**EXCLUSION – DESIGNATED PROFESSIONAL SERVICES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Description Of Professional Services |
|---|
| **1.** Real Estate Agents and/or Brokers |
| **2.** Architects, Engineers or Surveyors |
| **3.** |
| Information required to complete this Schedule, if not shown, above, will be shown in the Declarations. |

With respect to any professional services shown in the Schedule, the following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability . . .:

This insurance does not apply to . . . "property damage" due to the rendering of or failure to render any professional service.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the . . . "property damage" involved the rendering of or failure to render any professional service.

CG 21 16 04 03

### Contractor's Professional Liability

37. The Contractors – Professional Liability Exclusion bars coverage for certain "property damage" arising out of Loftech's rendering or failing to render professional services in connection with certain operations relating to engineering, architectural, or surveying services:

**EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY**

This endorsement modifies insurance provided under the following:

   COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability . . .:

1. This insurance does not apply to . . . "property damage" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

   a. Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

   b. Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

   This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the . . . "property damage" involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.

2. Subject to Paragraph 3. below, professional services include:

   a. Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

   b. Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3. Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

CG 22 79 04 13

### Engineers, Architects, or Surveyors Professional Liability

38. The Engineers, Architect, or Surveyors Professional Liability Exclusion bars coverage for certain "property damage" arising out of Loftech's rendering of or failing to render certain professional services, such as supervising or inspecting:

**EXCLUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY**

This endorsement modifies insurance provided under the following:

   COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability . . .:

This insurance does not apply to . . . "property damage" . . . arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.

Professional services include:

1. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

2. Supervisory, Inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the . . . "property damage" . . . involved the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.

CG 22 43 04 13

39. Because Spencer's and Carroll and Koontz's allegations trigger one or more of the foregoing exclusions or endorsements, there is no coverage under the Policies for any alleged "property damage," and Builders does not owe a defense or indemnity to Loftech or Spencer, Carroll, and Koontz. Alternatively, any duty to indemnify is limited.

## V. CONCLUSION & PRAYER

40. All preceding paragraphs are incorporated herein by reference.

41. Loftech built and sold houses to Spencer and, separately, Carroll and Koontz, all of whom now claim that their respective houses evidence defective conditions and damage. Builders asserts that the alleged construction defects and damages for which Spencer, Carroll, and Koontz seek monetary relief are not covered under the Policies.

42. Alternatively, Builders asserts that Loftech and/or Spencer, Carroll, and Koontz bear the duty of distinguishing and allocating covered and noncovered damages under the Policies. No such distinction and allocation between covered and noncovered damages has occurred, and Builders has no duty to pay until Loftech and/or Spencer, Carroll, and Koontz satisfy their burden to so distinguish and allocate damages.

43. Because one or more exclusions or endorsements bar coverage for any "property damage" alleged by Spencer, Carroll, and Koontz, Builders asks the Court for:

   a. A declaration that Builders does not have a duty to defend or indemnify Loftech or Spencer, Carroll, and Koontz for any such "property damage;
   b. Alternatively, a declaration that Loftech or Spencer, Carroll, and Koontz must distinguish and allocate between covered and noncovered damages before Builders has any duty to pay;
   c. Court costs; and
   d. All other relief that the Court deems appropriate.

Respectfully submitted.

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, LLP

*Camille Johnson*
Camille Johnson, attorney-in-charge
camille@ssjmlaw.com
SBN: 10686600
S.D. Bar No. 16414
William Vanderbilt
will@ssjmlaw.com
SBN: 24110472
S.D. Bar No. 3481498
4621 Ross Avenue, Suite 300
Dallas, Texas 75204
Tel: (214) 368-1515
Fax: (214) 292-9647
**Counsel for Plaintiff National Builders Insurance Company**